UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: February 20, 2025
JUDGE: Pamela Pepper
CASE NO: 2023-cr-113
CASE NAME: United States of America v. Markita Barnes
NATURE OF HEARING: Motion to adjourn the trial
APPEARANCES: Kate Biebel – Attorney for the government
Julie Stewart – Attorney for the government
Nicole Masnica – Attorney for the defendant
COURTROOM DEPUTY: Kristine Wrobel
TIME: 4:08 p.m. – 4:43 p.m.
HEARING: Final pretrial conference set for October 23, 2025 at 10:00 a.m.
Trial set for November 10, 2025 at 8:30 a.m.

**AUDIO OF THIS HEARING AT DKT. NO. 41**

The court explained that it had scheduled this hearing because defense counsel had filed a motion to adjourn the two-week trial scheduled to begin on April 7, 2025. The court recounted that it had scheduled this trial over eight (8) months ago, in July 2024. It had blocked out two weeks for the trial and had been unable to schedule other hearings and trials because it was protecting the time for this case. The court observed that defense counsel's motion said that she had several trials scheduled ahead of the April 7, 2025 trial in this case, and expressed skepticism that those trials had been scheduled at the time defense counsel had agreed to the April 7, 2025 trial in this case.

Defense counsel explained that if necessary, she would proceed with the trial on April 7, but emphasized that she could not provide the best defense because of the other commitments on her calendar. Counsel stated that she understood the court's concerns. She explained that the associate who'd been helping her with discovery, investigation and trial preparation had gone to another firm, which she had not anticipated. She explained that she'd hoped for an adjournment until only May or June but had learned after conferring with chambers staff that the court's calendar would not accommodate that request. Counsel advised that she now had new co-counsel and would be prepared for whenever the court rescheduled the trial.

The prosecutor did not have anything to add but asked that if the court was going to keep the trial on for April 7, it give the parties additional time to file motions because they were due tomorrow. Counsel asked if the court adjourned the April trial, it set the new trial date sometime after mid-September (and explained why). Counsel asked that if the court were to adjourn, it excludes time under the Speedy Trial Act until the new final pretrial date.

The court stated that it would prefer not to adjourn the April 7 trial but that the defendant had a right to a vigorous and prepared defense. The court

1

adjourned the March 13, 2025 final pretrial conference and the April 7, 2025 trial. The court stated that it would exclude time under the Speedy Trial Act until the rescheduled final pretrial conference. The court asked the parties to consider a trial schedule starting at 8:00 a.m. and ending around 2:30 p.m. each day. The parties expressed interest in such a schedule. The court emphasized that in the absence of extreme circumstances (someone suffering from an illness or injury), it would not adjourn the trial date again.

The court rescheduled the final pretrial conference for October 23, 2025 at 10:00 a.m. in Room 222 and the two-week trial to begin on November 10, 2025 at 7:30 a.m. in Room 222. The court will discuss the trial schedule further with the parties at the final pretrial conference.

The court set an expert disclosure deadline of September 29, 2025; a deadline of October 3, 2025 for motions *in limine* and/or <u>Daubert</u> motions; a deadline of October 10, 2025 for filing responses/objections to motions *in limine* and <u>Daubert</u> motions; and a deadline of October 15, 2025 by which to file replies. The court will issue out its usual final pretrial order memorializing the above dates.

The court **GRANTS** the motion to adjourn the jury trial. Dkt. No. 36.

The court **ORDERS** that the time between February 20, 2025 and October 23, 2025 is **EXCLUDED** from the Speedy Trial calculation under 18 U.S.C. sections 3161(h)(7)(A) and (B)(iv), because the ends of justice outweigh the interests of the public and the defendant in a speedy trial, and because failure to do so would deny the parties the reasonable time necessary to prepare, taking into account the exercise of due diligence.

Dated in Milwaukee, Wisconsin this 20th day of February, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**